■ MARJORIE COX, as Administratrix of the Estate of JOSEPH COX, Deceased, Appellant, v RICHARD C. KELLY, Defendant, and EVAC, INC., Respondent.—In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walsh, J.), dated February 19, 1986, which granted the motion of the defendant EVAC, Inc. for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

An ambulance owned and operated by the defendant EVAC, Inc., responded to a request for emergency assistance at a restaurant. As they exited the ambulance, the emergency workers left its engine running and the key in the ignition to keep the oxygen supply from freezing in the cold weather, to keep the interior of the ambulance warm for the injured person, and to help ensure that the ambulance engine would not stall upon departure to the hospital. While they were inside rendering assistance, the defendant Richard Kelly stole the ambulance and drove it in a reckless manner, causing the death of the plaintiff's decedent.

We agree with Special Term that EVAC, Inc. is entitled to summary judgment under these circumstances, since an ambulance is an emergency vehicle which is exempt from the provisions of Vehicle and Traffic Law § 1210 (a) which require a driver to turn off his car's engine and remove the keys when leaving the vehicle unattended *(see,* Vehicle and Traffic Law §§ 101, 1104 [b] [1]). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.